UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD BISHAWI, | ) | CASE NO. 4:12cv3106 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| vs. | ) | |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff filed a motion for reconsideration, under Federal Civil Procedure Rule 59(e), on August 22, 2013 (Doc. No. 11). He contends the Court should not have dismissed his case on July 26, 2013 (Doc. No. 9) because his claims under 42 U.S.C. § 1983 and state tort law had merit. For the reasons explained below, the motion is denied.

## I.   Background

Plaintiff Ahmad Bishawi brought this action against defendant Northeast Ohio Correctional Center ("NEOCC"), Corrections Corporation of America ("CCA"), and fourteen current or former employees of CCA working at the NEOCC facility. He asserted eight grounds for relief under federal and state law. The Court dismissed this action under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

Specifically, the Court found that although plaintiff indicated he was bringing his action under 42 U.S.C. § 1983, that statute is not applicable to this situation. The statute provides relief when a defendant acting under color of state law deprives an individual of a constitutionally protected right. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 108, 68 L. Ed.

2d 420 (1981). Plaintiff is not a state prisoner being held by state authorities. He is a federal prisoner incarcerated in a private prison through an agreement with the United States Bureau of Prisons. None of the defendants is affiliated with the state government so 42 U.S.C. § 1983 does not provide a basis for relief. Limited causes of action against federal officials are available under *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971); however, *Bivens* claims cannot be brought against a private prison such as NEOCC or the private corporation that owns and operates the prison such as CCA. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 63, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001). Furthermore, plaintiff can only bring a claim against the individual employees of a private prison to the extent that there is not an analogous cause of action available under state tort law. *Minneci v. Pollard*, _ U.S. _, 132 S. Ct. 617, 626, 181 L. Ed. 2d 606 (2012). Because several of plaintiff's claims were already stated as violations of state law, they were dismissed. The Court dismissed plaintiff's remaining claims on their merits for failure to state a claim upon which relief may be granted.

Plaintiff has now filed this motion asking the Court to reconsider its decision to dismiss his case. He argues § 1983 permits claims to proceed against private prisons and their employees. He further asserts he met the basic pleading standards of Federal Civil Procedure Rule 8, and argues that his claims have merit. Finally, plaintiff indicates that the Court has supplemental jurisdiction over his state law claims, which should be permitted to proceed even if they cannot be asserted under *Bivens*.

## II.      Standard of Review

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed.

R. Civ. P. 59(e). Such a motion is extraordinary and is seldom granted "because it contradicts notions of finality and repose." *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, slip op. at *1 (M.D. Tenn. Jan. 26, 2011). A court may grant a motion to alter or amend judgment only if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (cites omitted). A Rule 59(e) motion is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id*. Motions under Rule 59(e) must present one of the four listed grounds to be granted. *Id*.

### III. Analysis

Plaintiff does not present any of the four grounds justifying relief under Rule 59(e). He asserts the Court made a clear error of law in determining that he could not bring claims against CCA or NEOCC; however, he bases his argument on the assumption that he can proceed under 42 U.S.C. § 1983. While he is partially correct that a private prison may be sued under § 1983, this is only true if the private prison is housing state prisoners or is acting on behalf of a state. NEOCC houses federal prisoners, such as the plaintiff. None of the defendants in this case were acting on behalf of the State of Ohio and, therefore, cannot be considered state actors under § 1983. The Court did not make a clear error of law in determining that *Bivens*, not § 1983, provided the sole means for plaintiff to bring his civil rights claims. Plaintiff cannot bring a *Bivens* action against a private prison or the private corporation that owns and operates the prison. *Malesko*, 534 U.S. at 63.

Furthermore, plaintiff simply asserts his case has merit and meets the pleadings standards of Federal Civil Rule 8. He does not point to any error of law in the Court's analysis. He simply disagrees with the Court's conclusion and reasserts the merits of his claims. Rule 59(e) does not provide plaintiff an additional opportunity to reargue his case, nor does it allow him an opportunity to raise new arguments. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374. None of his arguments provides a basis for relief under Rule 59(e).

Finally, plaintiff claims the Court has supplemental jurisdiction over his state law claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id*. at 726. In cases such as the present case, where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed plaintiff's federal law claims, the Court declined jurisdiction to hear plaintiff's state law claims.

## IV. <u>Conclusion</u>

For all the foregoing reasons, plaintiff's motion for reconsideration (Doc. No. 11) is denied. His motion to expedite the Court's ruling (Doc. 12) is denied as moot.

**IT IS SO ORDERED**.

Dated: February 5, 2014

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**