UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD BISHAWI, | ) | CASE NO. 4:12CV3106 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | **Report and Recommendation** |
| NEOCC, et al., | ) | **of Magistrate Judge** |
| | ) | |
| Defendant | ) | |

Before the undersigned is a motion for summary judgment filed by Defendant John Guzman, ("Defendant") the only remaining Defendant in the above-captioned case. ECF Dkt. #46. For the following reasons, the undersigned recommends that the Court GRANT Defendant's motion for summary judgment and dismiss Plaintiff's complaint in its entirety with prejudice. *Id.*

## I.   FACTUAL AND PROCEDURAL HISTORY

On December 27, 2012, Plaintiff filed a complaint in this Court against the Northeast Ohio Correctional Center ("NEOCC), Corrections Corporation of America, ("CCA") and a number of NEOCC employees, including Defendant, alleging various violations of federal and Ohio law, including negligence, procedural and substantive due process, race discrimination in violation of the Equal Protection Clause, excessive force, and civil rights conspiracy. ECF Dkt. #1.

On July 26, 2013, Judge Lioi issued a Memorandum Opinion and Order addressing each of Plaintiff's claims against the named Defendants and dismissing his complaint pursuant to 28 U.S.C. § 1915(e) for his failure to state a claim upon which relief can be granted. ECF Dkt. #s 9, 10. After filing a motion for reconsideration which the Court denied, Plaintiff appealed the Court's § 1915(e) dismissal to the Sixth Circuit Court of Appeals. ECF Dkt. #14. On December 17, 2014, the Sixth

Circuit affirmed the Court's dismissal of all of the claims against all of the defendants, except for Plaintiff's equal protection claim against Defendant Guzman. ECF Dkt. #21.

In his equal protection claim against Defendant, Plaintiff alleged that he was placed in administrative segregation on January 1, 2011 for engaging in a verbal altercation with Sergeant Aikens. ECF Dkt. #1. He stated that he asked Defendant to review the videotape of the incident and dismiss the charges against him and release him back into the general population. *Id*. A hearing was held on the charges and Plaintiff was found guilty, although the officers holding the hearing did not review the videotape of the incident even though Plaintiff requested that they do so. *Id.* Plaintiff appealed the conduct charge conviction and he alleged that he was told that he was going to be released from segregation on January 6, 2011. *Id*. Plaintiff alleged that on January 6, 2011, Defendant came to interview him as to his request for an investigation of the incident, took a statement from him, and told him that it he wanted to continue to pursue the investigation, he would have to remain in segregation for one to two weeks until the investigation was completed. *Id.* Plaintiff agreed to remain in segregation, but he was not released from segregation until two months later. *Id*. Plaintiff alleged that he was told by an officer that he was being held on a new conduct charge for making a threat and spoke to various officials during January and February of 2011 regarding the new threat charges. Plaintiff alleged that on March 2, 2011 when he asked Defendant why he was held in segregation much longer than Defendant had told him, Defendant responded that Plaintiff put himself there. *Id*. at 17. Plaintiff alleged that when he asked Defendant how he put himself in segregation, Defendant asked him if he was a Muslim and when Plaintiff responded that he was, Defendant respondedthat he was in segregation because he was a Muslim and a threat to Christians. *Id*.

The Sixth Circuit reversed the Court's dismissal of this equal protection claim against Defendant Guzman, finding that Plaintiff's factual allegations, accepted as true, were sufficient to survive dismissal. *Id*. The Sixth Circuit remanded Plaintiff's case to the district court for further proceedings consistent with its Order. *Id*. The Sixth Circuit also addressed Plaintiff's assertion that the Court should have exercised supplemental jurisdiction over his state law claims of negligence and/or negligent infliction of emotional distress, finding that the Court did not abuse its discretion in declining supplemental jurisdiction. *Id*.

Thereafter, Judge Lioi referred the instant case to the undersigned for general pretrial supervision, including ruling on motions and preparing a Report and Recommendation on dispositive motions. ECF Dkt. #23. On March 1, 2016, Defendant filed the instant motion for summary judgment. ECF Dkt. #46. On March 21, 2016, Plaintiff filed a brief in opposition to the motion for summary judgment. ECF Dkt. #47. On April 7, 2016, Defendant filed a reply brief. ECF Dkt. #48. **II.** **STANDARD OF REVIEW**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;
>
> or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (internal citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir. 1989). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," but rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir. 2007) (internal citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008) (internal citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at

586–587; see also *Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir. 2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87; *see also Anderson*, 477 U.S. at 252.

### III.     LAW AND ANALYSIS

Defendant moves for summary judgment as to Plaintiff's only remaining claim against him, asserting that Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF Dkt. #46. Defendant asserts that failure to exhaust these remedies as required by the PLRA is a proper basis for granting summary judgment and Plaintiff has not properly exhausted the administrative remedies available to him at NEOCC. *Id*. at 8-10.

In support of his motion for summary judgment, Defendant explains that each inmate at NEOCC is given a handbook which contains the facility's grievance policies and procedures. ECF Dkt. #46 at 8-9. According to Defendant, each inmate is also provided an explanation of the grievance policies and procedures during the Admission and Orientation Program, and inmates have access to the complete grievance policy through their unit counselors in the NEOCC law library. *Id*. at 9. Defendant attaches to his motion for summary judgment the affidavit of Sean Daugherty, the Executive Assistant and Facility Grievance Officer at NEOCC since March 2011. ECF Dkt. #46-1. Mr. Daugherty attests that as Facility Grievance Officer, he is familiar with the grievance policies and procedures concerning the inmates' available administrative remedies. *Id*. at 3. He states that each inmate is given the handbook containing the grievance policies and procedures at NEOCC, each inmate is provided an explanation of the grievance policies and procedures during

the Admission and Orientation Program, and inmates have access to the compete grievance policy through their unit counselors in the NEOCC law library. *Id.*

Mr. Daugherty further explains in his affidavit that his duties entail overseeing the informal resolution process, coordinating the grievance procedure at NEOCC, assigning numbers to each grievance filed, coordinating the investigation of the grievances, completing a Grievance Officer's Report using Form 14-5B, and maintaining all grievance records and documents. *Id.* Mr. Daugherty outlines the United States Marshal Service's grievance procedure used at NEOCC for federal prisoners and he attaches a copy of the CCA Policy 14-5 outlining the procedure that was used at the time of the filing of Plaintiff's complaint in this case. ECF Dkt. #46-1 at 3-8, 10-26.  Mr. Daugherty indicates that the policy provides that inmates may grieve the following matters through the grievance process: violations of state and federal laws, regulations, or court decision, including violations of constitutional rights; application of rules, policies, and/or procedures toward inmates over which CCA has control; individual staff and inmate actions, including the denial of access to information resolution or grievance processes; retaliation against inmates for using the grievance processes; and any other matter concerning the conditions of confinement within the authority of CCA. *Id.* at 4.  Part F of CCA's 14-5 Inmate/Resident Grievance Procedures ("14-5 Grievance Procedures") that Mr. Daugherty attached to his affidavit confirms the matters that inmates may grieve. *Id.* at 12. Mr. Daugherty also outlines the following steps that an inmate must complete in order to exhaust his administrative remedies at NEOCC:

> a. Inmates must initially submit the Informal Resolution Form (Form 14-5A) to any member of the unit management team (or health services staff for medical issues), within seven days of the alleged incident. The time for filing begins from the date the problem or incident became known to the inmate or resident. (Step One).

      b.      If the inmates is dissatisfied with the outcome of the informal resolution, he may submit a formal grievance. Inmates must initiate the formal grievance process by forwarding the CCA Inmate/Resident Grievance Form (Form 14-5B), with the Informal Resolution Form (Form 14-5A) attached, to the Grievance Officer within five days of receipt of a response to the inmate's Informal Resolution request. (Step Two).

      c.      If the inmate finds the formal grievance response unsatisfactory, he may appeal to the Warden within five days of receipt of the formal grievance response by completing the Request for Warden/Administrator Review portion of the Grievance Form. (Step Three).

*Id*. The 14-5 Grievance Procedures that Mr. Daugherty attached to his affidavit confirm the procedure that he outlined. *Id*. at 14-24. The 14-5 Grievance Procedures also provide that the informal resolution process will take no longer than 15 calendar days from the date that the 14-5A form was submitted through the date that the response was presented to the inmate/resident. *Id*. at 15, 24. The inmate grievance procedure further dictates that a response to an inmate/resident's formal grievance shall take no longer than 15 days from the date of submission of the grievance. *Id*. at 18, 24. As pointed out by Mr. Daugherty and confirmed by the 14-5 Grievance Procedures, all appeals of the formal grievance responses are forwarded to the Warden/Administrator for review and a final response. *Id.* at 19, 24. That decision is then forwarded to the inmate/resident within 15 days for signature of receipt. *Id*. at 25.

      Both the grievance policy and Mr. Daugherty also point out that there is an emergency grievance option available if the regular time guidelines would subject the detainee to risk of personal injury. ECF Dkt. #46-1 at 15-16. When the grievance is of an emergency nature, the inmate may circumvent the informal resolution process and must file his grievance in accordance with the procedures outlined. *Id*. The Administrative Duty Officer must take action to resolve the grievance within one calendar day of receipt and provide a written response. *Id*. at 17. The appeals

process is the same for formal grievances and emergency grievances. *Id.*

Mr. Daugherty and the grievance policy explain that if an inmate/resident fails to follow the above procedures, or omits any part of them, then he has not exhausted the administrative remedies available to him. ECF Dkt. #12-1 at ¶33.

Mr. Daugherty attests in his affidavit that he has reviewed the allegations in Plaintiff's complaint and he has reviewed the NEOCC Grievance Logs for 2011 and 2012 which contain all of the grievances filed by inmates during those time periods. ECF Dkt. #46-1 at 8. According to Mr. Daugherty, Plaintiff did not submit any formal grievances concerning the claims that he alleged in his complaint about Defendant. *Id.* Consequently, Mr. Daugherty attests that Plaintiff has failed to properly exhaust his administrative remedies regarding the claims in this case, which includes the only remaining equal protection claim against Defendant. *Id.*

Based upon the assertions in the motion for summary judgment, as well as Mr. Daugherty's affidavit, the undersigned recommends that the Court find that Defendant has met his initial burden of establishing that there are no genuine issues of material fact as to Plaintiff's failure to properly exhaust his administrative remedies.

Thus, the burden on summary judgment shifts to Plaintiff to set out facts showing a genuine issue of material fact concerning the issue of exhaustion. In his response brief, Plaintiff lists seven alleged filings that he made in 2011 at NEOCC. ECF Dkt. #47 at 3. They are:

      1.)      Whether on Saturday, January 1, 2011, the plaintiff submitted an Inmate Request to the Chief of Security, Defendant Guzman, regarding Disciplinary Segregation - Release - Conditions, ETC.

      2.)      Whether on Monday, January 3, 2011, the plaintiff submitted an Inmate Request to the Assistant Warden, Defendant Johnson, regarding Disciplinary Segregation- Release - Conditions, ETC.

>   3.) Whether on February 18, 2011, the plaintiff submitted an inmate Request to the Assistant Warden Defendant Johnson, regarding Disciplinary Segregation- Release - Conditions, ETC.
>
>   4.) Whether on January 12, 2011, the plaintiff filed a Grievance form to the Warden, Defendant Rushing, regarding Disciplinary Segregation- Release - Conditions, ETC.
>
>   5.) Whether on February 17, 2011, the plaintiff filed an Emergency Inmate Request to the Warden, Defendant Rushing, regarding Disciplinary Segregation- Release - Conditions, ETC.
>
>   6.) Whether on March 7, 2011, the plaintiff filed a Regional Appeal regarding Disciplinary Segregation- Release - Conditions, ETC
> .
>   7.) Whether on March 30, 2011, the plaintiff filed a Central Appeal regarding Disciplinary Segregation- Release - Conditions, ETC.

*Id.* Attached to Plaintiff's response and this list, Plaintiff includes a declaration attesting that he has exhausted the grievance procedures, the regional administrative remedy appeal and the central office administrative remedy appeal for the following subjects:

>   1) <u>Subject</u>: Law Library-Access, Reference Materials.
>   Grievance # 10-037 FBOP; Regional Appeal # 602394-R1; Central Appeal# 602934-A1.
>
>   2) <u>Subject</u>: Correspondence-Rejection or Confiscation.
>   Grievance # 10-038 FBOP; Regional Appeal # 602938-R1; Central Appeal# 602938-A1.
>
>   3) <u>Subject</u>: Pat Searching.
>   Grievance # 12-028 FBOP; Regional Appeal # 693184-R1; Central Appeal# 693184-A1.
>
>   4) <u>Subject</u>: Medical Care.
>   Grievance # 12-066 FBOP; Regional Appeal # 708429-R1; Central Appeal# 708429-A1.
>
>   5) <u>Subject</u>: Financial Responsibility.
>   Grievance # 11-089 FBOP; Regional Appeal # 654229-R1; Central Appeal# 654229-A1.

  6)  <u>Subject</u>: Safety, Sanitation, Environmental Conditions.
     Grievance # 12-030 FBOP; Regional Appeal # 696938-R1; Central Appeal# 696938-A1.

  7)  <u>Subject</u>: Other operations.
     Grievance # 12-084 FBOP; Regional Appeal # 714202-R1; Central Appeal# 714202-A1.

  8)  <u>Subject</u>: Institution Work Assignment.
     Grievance # 12-060 FBOP; Regional Appeal # 706953-R1; Central Appeal# 706953-A1.

  9)  <u>Subject</u>: Disciplinary Segregation -Release-Conditions, ETC.
     Emergency Grievance #23-11, filed with the Warden regarding Inmate Discipline and Special Housing Units; Regional Appeal #630655-R1; Central Appeal #630655-A1 (Please see the enclosed Exhibit #B) Regional Administrative Remedy, and the Central Office Administrative Remedy Appeal; and, this pleading is the last resort, plaintiff has no other means available to obtain a legal remedy to correct the violations and to correct the illegal acts or the failure to act on the part of the prison staff or officials, Defendants.

*Id.* at 2. Plaintiff also refers to specific paragraphs in his complaint as evidence of his exhaustion of administrative remedies. *Id*. Plaintiff attaches copies of filings and documents that he allegedly filed at NEOCC that show the exhaustion of his administrative remedies against Defendant. ECF Dkt. #47-2 at 1-20.

  Defendant counters that the grievances attached by Plaintiff to his declaration fail to mention anything relating to the only remaining claim of discriminatory treatment based upon being Muslim. ECF Dkt. #48. Defendant further notes that Plaintiff's recitation of the factual allegations in the complaint are insufficient to meet his reciprocal burden on summary judgment. *Id*. at 5.

  The undersigned recommends that the Court grant Defendant's motion for summary judgment. ECF Dkt. #46. The documents that Plaintiff attached to his declaration do not establish that Plaintiff has properly exhausted the equal protection claim against Defendant. None of the

filings that Plaintiff attaches contain any assertions that Defendant discriminated against Plaintiff because he is a Muslim. Moreover, none of Plaintiff's attachments even mention the March 2, 2011 incident whereby Defendant allegedly stated that he placed Plaintiff in segregation because he was a Muslim and a threat to Christians. *See* ECF Dkt. #1 at 17.

Further, Plaintiff's recitation and incorporation of his complaint allegations into his response to the motion for summary judgment are insufficient to meet the reciprocal burden to survive the motion. A nonmovant on summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citation omitted).

**IV.     RECOMMENDATION AND CONCLUSION**

For these reasons, the undersigned recommends that the Court grant Defendant Guzman's motion for summary judgment and dismiss Plaintiff's only remaining claim of equal protection violations against Defendant with prejudice. ECF Dkt. #46.

Dated: June 10, 2016      */s/George J. Limbert*
                          GEORGE J. LIMBERT
                          U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).