# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD BISHAWI, | ) | CASE NO. 4:12-cv-3106 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | MEMORANDUM OPINION |
| CENTER (NEOCC), et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge George J. Limbert recommending that the Court grant the motion of defendant John Guzman ("defendant" or "Guzman") for summary judgment and dismiss this civil rights action. (Doc. No. 49.) Plaintiff Ahmad Bishawi ("plaintiff" or "Bishawi") has filed objections. (Doc. No. 50 ["Obj."]), defendant has responded (Doc. No. 51 ["Resp."]), and plaintiff has filed a reply. (Doc. No. 52 ["Reply"].) For the reasons discussed below, the objections are overruled, the R&R is accepted, defendant's motion for summary judgment is granted, and this case is dismissed.

## I. BACKGROUND

This is a prisoner civil rights action under 42 U.S.C. § 1983, in which plaintiff challenged various institutional decisions relating to his confinement in segregated housing, including the actions taken by certain corrections officers and staff. After remand following appeal, the sole remaining claim raises an equal protection claim against Guzman, a prison official, in which plaintiff alleges that Guzman discriminated against him on the basis of his religion. The matter was referred to the magistrate judge for the supervision of pretrial proceedings.

Defendant filed a motion for summary judgment. (Doc. No. 46 ["MSJ"].) After a briefing

period, the magistrate judge issued a report and recommendation, recommending that the motion be granted on the ground that plaintiff had failed to exhaust his administrative remedies with respect to the remaining equal protection claim.

The R&R thoroughly sets forth the factual and procedural background of this case, including the factual details surrounding plaintiff's initial placement in segregation pending an investigation, and plaintiff does not take exception to this portion of the R&R. The Court, therefore, adopts these background facts. For purposes of providing context to plaintiff's objections, it sufficient to note his allegation that, following his initial placement in segregated housing, on March 2, 2011 Guzman advised him that his continued stay in segregation was the result of the fact that he was a Muslim and represented a danger to Christians. (Doc. No. 1 (Complaint) ¶ 50.)

## II.  STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citations omitted), *abrogated on other grounds by*

*Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) ("the district court need not provide *de novo* review when the objections are frivolous, conclusive or general") (quotation marks and citation omitted). An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *Spencer*, 449 F.3d at 725 (citation omitted); *see Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.")

## III. DISCUSSION

Plaintiff's objections essentially repeat arguments considered and rejected by the magistrate judge. (*See* Doc. No. 47 (Plaintiff's Brief in Opposition to Summary Judgment ["MSJ Opp'n"]).) Indeed, plaintiff lifts entire paragraphs from his brief in opposition to summary judgment. (*Compare* Obj. at 459-63[1] to MSJ Opp'n at 410-14.) Further, the filing fails to even mention the magistrate judge's R&R, other than to register plaintiff's general disagreement with its ultimate conclusion that the action should be dismissed for failure to exhaust administrative remedies with respect to the sole surviving equal protection claim. It, therefore, falls woefully short of specifying the findings believed to be in error and is insufficient to trigger a *de novo* review.

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

Moreover, to the extent that plaintiff, once again, attempts to demonstrate the existence of genuine issues of material fact by relying on the complaint allegations, and the Sixth Circuit's ruling on appeal that plaintiff had pleaded facts sufficient to set forth a cause of action and survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), his arguments are to no avail. (*See* Doc. No. 21 (*Bishawi v. Ne. Ohio Corr. Ctr*., et al., No. 14-3194 (6th Cir. Dec. 17, 2014)) at 203.) In support of summary judgment, defendant offered, by way of affidavit, evidence demonstrating that plaintiff has not exhausted his remedies with respect to plaintiff's equal protection claim against Guzman. (*See generally* Doc. No. 46-1 (Affidavit of Sean Daugherty ["Daugherty Aff."] and CCA Institutional Regulations ["Prison Reg."]).) Because defendant presented competent evidence sufficient to support his request for summary judgment on the issue of exhaustion, plaintiff was "not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co*., 926 F.2d 559, 561 (6th Cir. 1991) (citation omitted); *see Banks v. Wolfe Cnty. Bd. of Educ*., 330 F.3d 888, 892 (6th Cir. 2003) (The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party.) (quotation marks and citation omitted).

Additionally, the Sixth Circuit's determination that plaintiff's complaint was sufficient to withstand the initial screening, set forth in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, cannot be relied upon to defend summary judgment, as the standard of review is entirely different from the one used to evaluate a summary judgment motion. Courts employ the Rule 12(b)(6) standard on a screening, looking only to see if the complaint allegations raise "cognizable claims" that are not "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[.]" 28

U.S.C. § 1915A(b)(1); *see Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (citing Rule 12(b)(6) pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (further citations omitted). Summary judgment looks beyond the pleadings, and courts ruling on a summary judgment motion must determine, viewing the evidence in a light most favorable to the non-movant, whether there are genuine issues of material fact that require resolution by a fact-finder. *See* Fed. R. Civ. P. 56(a); *Adickes v. S. H. Kress & Co*., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Given the difference in reviewing standards, a pleading that might survive a screening determination cannot defeat a properly supported summary judgment motion.

In an abundance of caution, the Court finds it appropriate to comment on one final point. Applying a liberal interpretation to plaintiff's objections, applicable to cases involving *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court determines that plaintiff has argued that his prior administrative grievances were sufficiently detailed to satisfy his exhaustion obligation with respect to his equal protection claim against Guzman.[2] As will be seen below, plaintiff's grievances do not suffer from a lack of detail, but the details he provides clearly demonstrate that he was not grieving religious discrimination or a violation of his constitutional right to equal protection.

The exhaustion requirement of the Prison Litigation Reform Act ("PLRA") serves the interest of providing "fair notice of . . . alleged mistreatment or misconduct that forms the basis

---

[2] In reaching this conclusion, the Court notes that plaintiff has cited case law that addresses whether an inmate's grievance is sufficient to satisfy a prisoner's exhaustion requirement. (Obj. at 462-63, citing, among authority, *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *Rowe v. Bergh*, No. 2:08-cv-31, 2008 WL 4425547 (W.D. Mich. Sept. 26, 2008).

of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Bell v. Konteh*, 450 F.3d 651, 654 (6th Cir. 2006) (quotation marks and citation omitted), *abrogated on other grounds by Bock, supra*. "An inmate's grievance must give 'sufficient notice of the matter being grieved . . . ,' so that '[p]rison officials . . . ha[ve] a chance to provide a remedy for the inmate and to decide whether the objectives of the review process have been served.'" *Rivers v. Turner*, Case No. 3:14 CV 2547, 2016 WL 4065884, at *3 (N.D. Ohio July 29, 2016) (quoting *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x 682, 688 (6th Cir. 2013)); *see Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (a prisoner's grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory. Rather, it is sufficient . . . that a prisoner's [grievance] gave prison officials fair notice of alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim"), *abrogated on other grounds by Bock*, *supra*; *see also Mattox v. Edelman*, Case No. 16-1412, at 9 (6th Cir. Mar. 15, 2017) (recommended for full text publication) ("We have also explained that the purpose of the PLRA's exhaustion requirement 'is to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'") (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)).

In *Bock*, the Supreme Court touched upon an inmate's exhaustion obligations, including the level of detail necessary for prisoner grievances. In finding that courts ought not impose severe technical requirements on prisoners attempting to satisfy the exhaustion requirement, the Court reiterated that the primary purpose of a grievance is to alert prison officials to a particular problem. *Bock*, 549 U.S. at 219 (citing with favor *Johnson v. Johnson*, 385 F.3d 503, 522 (5th

6

Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued[.]")); *see also Newson v. Steele*, No. 09-10346, 2010 WL 3123295, *3 (E.D. Mich. July 1, 2010) ("Exhaustion serves a dual purpose: it gives prisoners 'an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors.' Additionally, the exhaustion requirement 'has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.'" (quoting *Bock*, 549 U.S. at 205) (internal citation omitted).

Several of plaintiff's grievances address his initial placement in segregation, as well as his continued confinement therein during the balance of the institution's internal investigation. Plaintiff alleges that the initial charges against him were falsified by Sergeant V. Akins, and he also complains that various institution officials should have conducted a more thorough investigation. (Doc. No. 47-2 (Plaintiff's Grievances).) None of the grievances mention religion, or otherwise put the institution on notice that plaintiff believed that his religion played any role in the treatment he received.

Even the March 7, 2011 grievance, lodged mere days after the alleged conversation with Guzman that forms the factual basis for his equal protection claim, makes no mention of his March 2, 2011 conversation with Guzman or otherwise references plaintiff's religion. Rather, plaintiff focuses on the fact that Guzman and others have failed to review the video tape footage of the underlying incident. Far from alerting the institution to a claim of religious discrimination, plaintiff offers an entirely different rationale for Guzman's actions: retaliation for plaintiff's

decision to "exercise [his] right for [sic] investigation and for filing a grievance."[3] (Plaintiff's Grievances at 431.)

There is no evidence in the record that the issues of religious discrimination or equal protection were raised and addressed on the merits in any grievance. While plaintiff was not required to allege a specific legal theory, or demonstrate how he could satisfy its elements, he was obligated to set forth facts that would apprise prison officials that he believed that he was being discriminated against on the basis of his religion. Because plaintiff never afforded the institution the opportunity to address the issue, plaintiff has failed to exhaust his administrative remedies with respect to his federal claim and summary judgment in defendant's favor is appropriate. *See, e.g., Rivers*, 2016 WL 4065884, at *3 ("Rivers' purported allegation of racial discrimination, apparently hidden within the background of his actual allegation, did not give [prison officials] 'sufficient notice' of the matter Rivers now argues he had been grieving. Rivers did not initiate, let alone exhaust, administrative remedies for his equal protection claim.") (citations omitted); *McCloy v. Corr. Med. Servs.*, 794 F. Supp. 2d 743, 750-51 (E.D. Mich. 2011) (no exhaustion where plaintiff's grievances failed to address the denial of a request for a roommate and for a footlocker—the actions which formed the basis for his civil rights claim).

---

[3] According to the institution's regulations, inmates may grieve a variety of matters, among which are the alleged violation of "constitutional rights" and "[r]eprisals against inmates for utilizing the informal resolution or grievance process[.]" (Daugherty Aff. ¶ 11; Prison Reg. at 395.) It is clear from the record that plaintiff chose to grieve an alleged retaliation and not a violation of his constitutional right to equal protection.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court overrules plaintiff's objections, accepts the R&R, and grants defendant's motion for summary judgment. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is dismissed.

**IT IS SO ORDERED**.

Dated: March 17, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**